IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


CITRO V. CITRO


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JOSEPH A. CITRO IV, APPELLANT,

V.

SAMANTHA J. CITRO, APPELLEE.


Filed July 14, 2026.    No. A-25-915.


Appeal from the District Court for Douglas County: LEANNE M. SRB, Judge. Affirmed.

Joseph  A. Citro, IV, pro se.

Courtney R. Ruwe, of Astley Putnam, P.C., L.L.O., for appellee.


RIEDMANN, Chief Judge, and MOORE and PIRTLE, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Joseph A. Citro, IV, appeals from the order of the district court for Douglas County denying his motion to vacate the decree dissolving his marriage to Samantha J. Citro. On appeal, Joseph argues that the district court committed evidentiary errors during the dissolution trial and abused its discretion in determining custody and child support and in denying his motion to vacate. For the reasons that follow, we affirm the order of the district court.

## BACKGROUND

The parties' divorce decree was entered on July 14, 2025. Among other things, the decree awarded Samantha sole legal custody of the parties' two minor children and ordered Joseph to pay Samantha child support in accordance with her proposed calculation adopted by the court.

On July 17, 2025, Samantha filed a motion to clarify, and on July 25, Joseph filed a motion to alter or amend the divorce decree. In a consolidated order filed August 18, the district court

granted Samantha's motion and granted in part Joseph's motion. Joseph filed a motion for new trial on September 11, or in the alternative, "for an order clarifying specific findings of fact and conclusions of law." The court denied this motion on September 16, and Joseph filed a notice of appeal on September 17. The appeal was docketed in our court at case No. A-25-722.

While Joseph's appeal was pending, he filed a motion in the district court on October 14, 2025, to vacate the divorce decree on the basis of fraud under Neb. Rev. Stat. § 25-2001(4) (Reissue 2016). Joseph's motion pointed to Samantha's testimony at trial that her income generated by a blog she owned was declining and that the blog was failing and she expected it to be nonexistent by 2026. His motion asserted that evidence showed this testimony "regarding [Samantha's] income and limited earning capacity" was "knowingly false" and constituted "a fraud upon the court."

Joseph's motion to vacate further alleged Samantha's "materially false" testimony "was used to eliminate [her] substantial, documented income stream [] and justify imputing a high, historical income to [him]," which resulted in a child support order that was "financially punitive and factually untenable." The motion also asserted that awarding Samantha sole legal custody was improper because it was based on a finding that she was a credible witness; however, the fact that her testimony contained "material falsehoods . . . fundamentally undermine[d] the integrity of [the court's] credibility finding." Joseph also asserted that he exercised diligence at trial but was unable to impeach Samantha's testimony because the district court restricted him from cross-examining her.

Joseph voluntarily dismissed the appeal in case No. A-25-722 to return jurisdiction to the district court to rule on his motion to vacate. See *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020) (in interwoven and interdependent cases, appellate court may examine its own records and take judicial notice of proceedings and judgment in former action involving one of the parties). The record indicates that Samantha also filed a motion in the district court under Neb. Rev. Stat. § 42-351(2) (Reissue 2016) for recoupment of insurance proceeds that had been paid to Joseph.

The district court held a hearing regarding Joseph's motion to vacate and Samantha's § 42-351(2) motion on October 28, 2025. On November 4, the court issued an order denying Joseph's motion but granting Samantha's motion. Joseph filed the present appeal.

ASSIGNMENTS OF ERROR

Joseph assigns, restated, condensed, and reordered, that the district court erred by (1) violating his due process rights by prohibiting him from cross-examining Samantha at trial, (2) violating his due process rights by allowing Samantha to provide proposed child support calculations and asset divisions strictly as "aids to the court" but then relying upon them in the divorce decree, (3) improperly calculating his child support obligation in the divorce decree, (4) awarding sole legal custody to Samantha in the divorce decree, and (5) denying his motion to vacate after employing a "[p]rocedural [d]ouble [s]tandard" between the parties during the motion hearing.

- 2 -

STANDARD OF REVIEW

Although Joseph has cited § 25-2001(4) as the authority for his motion to vacate, in a civil case, a court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute. See *In re Change of Name of Whilde*, 298 Neb. 510, 904 N.W.2d 707 (2017). The district court for Douglas County is in the Fourth Judicial District, and under Rules of Dist. Ct. of 4th Jud. Dist. 4-1 (rev. 2022), the regular term of the court commences on July 1 of each calendar year and concludes June 30 of the following calendar year. Here, Joseph's October 14, 2025, motion to vacate was filed within the same term as the district court's July 14 decree, and § 25-2001 is not applicable. See *In re Change of Name of Whilde, supra*.

The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Burns v. Burns*, 296 Neb. 184, 892 N.W.2d 135 (2017). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

ANALYSIS

*Joseph's Assigned Errors Related to District Court's Divorce Decree Were Not Timely Appealed.*

As urged by Samantha, we note that Joseph's notice of appeal filed on December 3, 2025, was not timely to appeal the court's July 14 divorce decree. Therefore, we have jurisdiction to consider only the error Joseph assigned regarding the order overruling his motion to vacate.

Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2024), a party has 30 days from the entry of judgment to appeal the decision of a district court unless a party has filed a motion which tolls the appeal period. In the absence of an applicable rule to the contrary, a motion asking the court to exercise its inherent power to vacate or modify its own judgment does not toll the time for taking an appeal. *In re Change of Name of Whilde, supra*. A party can move the court to vacate or modify a final order, but if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it. *Id*.

Joseph's first four assigned errors relate to the issuance of the July 14, 2025, divorce decree. Joseph voluntarily dismissed the appeal that was filed from that decree. The present appeal was timely filed from the denial of his motion to vacate, but as stated above, if the court does not grant a motion to vacate, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it. We therefore address Joseph's sole error related to the motion to vacate.

*District Court Did Not Employ "Double Standard" During Motion Hearing.*

Joseph's assigned error, in its entirety, reads: "Denial of Motion to Vacate (Procedural Double Standard): The District Court abused its discretion in denying the Motion to Vacate Judgment by employing a severe procedural double standard: actively utilizing the JUSTICE system to assist [Samantha], while explicitly refusing to 'go through' the decree to address [his] allegations of fraud." Joseph argues that the district court stated it would not "go through" the

decree to address his motion and that this "stood in stark contrast to the Court's proactive assistance" to Samantha. Brief for appellant at 9. We interpret his argument as one of judicial bias.

A party alleging that a judge acted with bias or prejudice bears a heavy burden of overcoming the presumption of judicial impartiality. See *Tilson v. Tilson*, 307 Neb. 275, 948 N.W.2d 768 (2020). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Id*. Nor can a judge's ordinary efforts at courtroom administration be a basis for bias or partiality. *Id*.

The record reveals that Joseph filed a four-page motion to vacate the decree in which he set forth each item of alleged fraud and the evidence which he asserted proved the fraud. After reciting much of the content of his motion as it related to Samantha's blog business and earning capacity, Joseph attempted to move onto another area of his motion stating "Also, in your decree it stated that -- I --." The court interrupted, advising Joseph that it was "not going through my decree. I just -- I read your motion." Joseph concluded his argument shortly thereafter.

The district court then took up Samantha's motion regarding the insurance proceeds. Following argument by Samantha's counsel, Joseph responded and asserted that counsel misspoke about what the district court had stated about the insurance proceeds at issue. He stated:

> So the issue, I guess, that I have there is it seems, at least to my recollection, that she just spoke incorrectly about what the Court determined at trial when it comes to the insurance. I'm not even sure that actually got brought up, but I definitely don't remember it ever being stated that she doesn't owe me for it. So I don't -- I don't believe that's accurate. But I guess if you don't want to go through the trial or the decree, it's hard to do at this point.

The district court responded that it had "been trying to pull up JUSTICE on [its] computer so [it] can pull the decree up while you're talking. Go ahead." Ultimately, due to technical difficulties, the district court was unable to access the decree.

Our review of the record refutes Joseph's argument that the district court "actively logged into JUSTICE" to "assist" Samantha but refused to do the same for Joseph. Rather, because the parties were disputing what the decree stated as it related to the insurance proceeds, the district court attempted to view the decree. In fact, it attempted to do so during Joseph's argument that Samantha's counsel had misrepresented what the decree stated and did so at Joseph's implicit prodding.

We find no bias reflected in the district court's refusal to access the decree during Joseph's argument and its attempt to access the decree while the parties argued Samantha's motion. Its latter action was an attempt to resolve the disagreement regarding the insurance proceeds and not to "assist the defense." Having found no bias, we find no abuse of discretion in the district court's denial of Joseph's motion to vacate.

Although Joseph's reply brief raises additional arguments in support of his claim that the district court erred by denying his motion to vacate, errors not assigned and arguments not made in an appellant's initial brief may not be asserted for the first time in a reply brief. See *In re Guardianship of Aimee S.*, 26 Neb. App. 380, 920 N.W.2d 18 (2018). We therefore do not address them.

CONCLUSION

We do not consider Joseph's first four assigned errors because they have not been timely appealed. We reject Joseph's claim that the district court erred by denying his motion to vacate the divorce decree because it was biased against him, as there is no evidence in the record that the court's actions at the motion hearing constituted a "[p]rocedural [d]ouble [s]tandard." We therefore affirm the order of the district court.

AFFIRMED.